**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| QUINCEY HALL, | |
| Plaintiff, | Case Number: |
| v. | 1:25-cv-04317-WMR |
| BITCOIN DEPOT, INC., | |
| Defendant. | |

**BITCOIN DEPOT OPERATING, LLC'S REPLY IN SUPPORT OF ITS**
**<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

<u>**TABLE OF CONTENTS**</u>

I.   **INTRODUCTION** ................................................................................1

II.  **ARGUMENT**.....................................................................................2

    A.    Plaintiff Concedes No Actual Injury and Fails to Allege
          Substantial Risk of Harm ...................................................................2

          1.    The Complaint Lacks Any Allegation of Misuse,
                Threatened Misuse, or Identity Theft .......................................3

          2.    Only Driver's License Numbers are Allegedly at Issue ............4

          3.    The Passage of 18 Months Since Alleged Breach
                Undercuts Vague Allegations of Potential Harm ......................7

    B.    The Opposition Fails to Remedy Plaintiff's Insufficiently Pled
          Claims.................................................................................................8

          1.    The Negligence Claims Fail......................................................8

                a.    The Complaint Fails to Allege the Incident Was
                      Reasonably Foreseeable ...................................................8

                  b.    The Complaint Relies on Conclusions and
                      Speculations that Plaintiff's PII May Be on the
                      Dark Web........................................................................10

          2.    The Complaint Fails to Allege a Meeting of the Minds
                  for an Implied Contract...........................................................11

          3.    The Complaint Fails to Allege a Benefit Conferred for
                  Unjust Enrichment .................................................................12

          4.    The Complaint Fails to Plead the Plausible Existence of a
                  Fiduciary Relationship ...........................................................14

          5.    The Complaint Fails to Allege a Plausible Basis for
                  Injunctive Relief under Georgia UDTPA ...............................15

III. **CONCLUSION** ...............................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Antman v. Uber Techs., Inc.*,
    No. 3:15-CV-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19,
    2015) .................................................................................................6

*In re Arby's Rest. Grp. Inc. Litig.*,
    No. 1:17-CV-0514-AT, 2018 WL 2128441 (N.D. Ga. Mar. 5,
    2018) ...............................................................................................10

*Bedsole v. Action Outdoor Advert. JV, LLC*,
    325 Ga. App. 194 (2013) ...................................................................14

*Bland,* No. 1:23-CV-132-MLB ...........................................................4, 5, 8

*Bracy v. Americold Logistics LLC*,
    No. 1:23-CV-5743-TWT, 2025 WL 552676 (N.D. Ga. Feb. 19,
    2025) ..........................................................................................4, 12, 13

*Brown v. Progressive Mountain Ins. Co.*,
    No. 3:21-CV-175-TCB, 2022 WL 18777475 (N.D. Ga. Aug. 15,
    2022) ...............................................................................................14

*Clayton v. PruittHealth, Inc.*,
    Case No. 1:24-CV-2960-TWT, 2025 WL 1643485 ...........................4

*Crowe v. Managed Care of N. Am. Inc.*,
    No. 23-61065-CIV, 2024 WL 6863341 (S.D. Fla. Aug. 16, 2024).....9

*Douglas v. Bigley*,
    278 Ga. App. 117 (2006) ...................................................................14

*Durgan v. U-Haul Int'l Inc.*,
    No. CV-22-01565-PHX-MTL, 2023 WL 12140653 (D. Ariz. July
    28, 2023) ...........................................................................................11

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
    999 F.3d 1247 (11th Cir. 2021) .......................................................3, 4

*Everhart v. Colonial Pipeline Co.*,
No. 1:21-CV-3559-MHC, 2022 U.S. Dist. LEXIS 155295 (N.D. Ga. July 22, 2022) ................................................................................11

*Food & Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) ......................................................................2

*Gilmour v. Gates, McDonald & Co.*,
382 F.3d 1312 (11th Cir. 2004) .....................................................3

*Glover v. Lockheed Martin Aero*,
No. 1:19-CV-0198, 2019 U.S. Dist. LEXIS 249536 (N.D. Ga. Sept. 17, 2019) .......................................................................15

*Green-Cooper v. Brinker Int'l, Inc.*,
73 F.4th 883 (11th Cir. 2023) .....................................................2, 7

*Maynard v. Snapchat, Inc.*,
313 Ga. 533 (2022) .....................................................................15

*McGlashan v. Snowden*,
292 Ga. 450 (2013) .....................................................................14

*McGowan v. CORE Cashless, LLC*,
No. 2:23-CV-524, 2023 WL 8600561 (W.D. Pa. Oct. 17, 2023)........7

*Muransky v. Godiva Chocolatier, Inc.*,
979 F.3d 917 (11th Cir. 2020) .....................................................5, 6

*Nelson v. Experian Info. Sols. Inc.*,
144 F.4th 1350 (11th Cir. 2025) ....................................................8

*Phillips v. City of Atlanta*,
No. 115CV03616TWTRGV, 2016 WL 5429668 (N.D. Ga. July 29, 2016) ..............................................................................10

*Provost v. Aptos, Inc.*,
No. 1:17-CV-02120-ELR, 2018 WL 1465766 (N.D. Ga. Mar. 12, 2018) .......................................................................................3

*Purvis v. Aveanna Healthcare, LLC*,
563 F. Supp. 3d 1360 (N.D. Ga. 2021)........................................9, 12

*Ramirez v. Paradies Shops, LLC*,
　69 F.4th 1213 (11th Cir. 2023) ....................................................5, 9, 10

*Sambou v. State*,
　358 Ga. App. 645 (2021) ...........................................................................5

*Spokeo, Inc. v. Robins*,
　136 S. Ct. 1540 (2016)...............................................................................3

*Stern v. Acad. Mortg. Corp.*,
　No. 2:24-CV-00015-DBB-DAO, 2025 WL 239036 (D. Utah Jan.
　17, 2025) ....................................................................................................8

*Stewart v. Walton*,
　254 Ga. 81 (1985) ....................................................................................14

*Teague v. AGC Am., Inc.*,
　No. 1:24-CV-00823-VMC, 2025 WL 1527738 (N.D. Ga. Jan. 6,
　2025) ...........................................................................................4, 11, 13

*Tracy v. Elekta, Inc.*,
　667 F. Supp. 3d 1276 (N.D. Ga. 2023)......................................................4

*Tsao v. Captiva MVP Rest. Partners, LLC*,
　986 F.3d 1332 (11th Cir. 2021) .................................................................5

*United States v. Morgan*,
　No. 2:06-CR-0164, 2010 WL 1714705 (E.D. Pa. Apr. 27, 2010)...........5

*Williams v. Scott*,
　No. 1:13-CV-3567-TWT, 2014 WL 916556 (N.D. Ga. Mar. 7,
　2014) ........................................................................................................10

## Other Authorities

Rule 8 .............................................................................................................2

# I.    INTRODUCTION

Plaintiff's Opposition confirms this case was prematurely filed and should be dismissed. Echoing the Complaint, the Opposition concedes Plaintiff has suffered no actual harm despite the Incident occurring over 18 months ago. Plaintiff also concedes the only data possibly accessed was a driver's license. This lack of misuse confirms Bitcoin Depot and not Plaintiff was the target of the criminal hacker. Plaintiff reflexively filed this lawsuit without any basis, and it should be dismissed.

Plaintiff must plausibly allege either present misuse or a materially imminent risk of misuse, supported by specific factual allegations—not abstract predictions about "*modus operandi*" drawn from data breaches in other cases involving unrelated parties. The Complaint does neither. Plaintiff's theory that imminent risk exists because cybercriminals possess driver's license numbers is also foreclosed. The cases upon which the Opposition relies all involve more information than driver's license information such as Social Security numbers ("SSN"), bank account information, tax identification numbers, and health information. Possession of driver's license numbers alone, without any misuse, is not "concrete harm."

Plaintiff's state-law claims also cannot be salvaged. On negligence and negligence per se, the Complaint relies on the data breach itself to retroactively assert conclusory allegations that Bitcoin Depot's security measures are deficient. However, a breach alone cannot be the sole basis for negligence. Plaintiff's

contract-based theories fare no better. For example, the Complaint fails to identify a promise that created an enforceable implied contract to guarantee cybersecurity, and it does not allege Plaintiff paid any "premium" for data security such that Bitcoin Depot's retention of his payments would be unjust. Finally, Plaintiff's claim under the UDTPA rests on conclusory allegations that Bitcoin Depot's current security is "inadequate" without any supporting factual allegations required by Rule 8.

## II.    ARGUMENT

### A.    Plaintiff Concedes No Actual Injury and Fails to Allege Substantial Risk of Harm

There are no allegations of actual harm. Instead, Plaintiff alleges only a breach of his driver's license data, which occurred over 18 months ago, and no credible allegations of use or publication of that data. Plaintiff then contends he has Article III standing because a "substantial risk of future harm exists where ... criminals have stolen personal data and continue to possess it." *See* Dkt. No. 23 ("Opp.") at 7. Courts have repeatedly required an injury that is "actual or imminent, not speculative—meaning that the injury must have already occurred or be likely to occur **soon**." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (emphasis added); *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023) ("We typically require misuse of the data cybercriminals acquire from a data breach...."). Plaintiff has not met this bar.

1.	The Complaint Lacks Any Allegation of Misuse, Threatened Misuse, or Identity Theft

Except for two brief paragraphs that vaguely allege based "upon information and belief," Plaintiff's Complaint is devoid of any allegations of publication, threatened publication, or misuse of the data.[1]  Plaintiff's allegation "upon information and belief" that his information was published on the dark web "greatly minimizes the plausibility of Plaintiff's allegation of injury." *Provost v. Aptos, Inc.*, No. 1:17-CV-02120-ELR, 2018 WL 1465766, at *3 (N.D. Ga. Mar. 12, 2018). Indeed, the Opposition admits stolen PII "**may** be held for up to a year or more" and "there is a strong **probability**" that it may be put on the black market.  Opp. at 8 (emphasis added).  These allegations are mere hypotheticals insufficient to show standing.  *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("[A] plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (quotations omitted)).  These insubstantial allegations stand in sharp contrast to the allegations contained in the cases upon which Plaintiff relies.[2]

---

[1] The Opposition suggests Plaintiff has discovered instances of financial fraud and the presence of his information on the dark web (Opp. at 25), but the Complaint itself does not allege this.  Plaintiff is not permitted to amend his Complaint through an opposition brief.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Bitcoin Depot has done its own analysis and has found no evidence that information stolen from it about Plaintiff appears on the dark web.

[2] For example, the Eleventh Circuit in *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1263 (11th Cir. 2021), explained that "the allegations of some

<u>Only Driver's License Numbers are Allegedly at Issue</u>

Even where courts have found an imminent injury, those cases involved the theft of much more than driver's license information.  In *Bland v. Urology of Greater Atlanta, LLC*, this Court explained that imminency can be shown "by alleging (1) a colossal amount of sensitive data was stolen, including Social Security numbers, names, and dates of birth; and (2) unequivocal damage ... can be done with this type of data."  No. 1:23-CV-132, 2024 WL 3313348, at *4 (N.D. Ga. Mar. 14, 2024) (quotations omitted).  Here, Plaintiff's Complaint fails to allege either.  Plaintiff acknowledges that cybercriminals stole at most only "names, phone numbers, driver's license numbers, addresses, dates of birth, and email addresses."  Opp. at 11 (citing Compl. at ¶¶ 5, 7, 31).[3]  Notably, the Complaint contains no allegations as to

---

Plaintiffs that they have suffered injuries resulting from actual identity theft" supported the notion that there is a "risk" of identity theft.  *See also Clayton v. PruittHealth, Inc*., Case No. 1:24-CV-2960-TWT, 2025 WL 1643485, at *3 (N.D. Ga. June 9, 2025) ("[Defendant] itself acknowledged…the files on their dark web blog site."); *Bracy v. Americold Logistics LLC*, No. 1:23-CV-5743-TWT, 2025 WL 552676, at *3 (N.D. Ga. Feb. 19, 2025) (plaintiffs alleged cybercriminals "already leaked a 6-gigabyte archive of accounting and financial documents….")

[3] The Opposition cites to various caselaw inapplicable as each case involved data not at issue here.  Opp. at 7-11.  *See In re Equifax Inc.*, 999 F.3d at 1262-63 ("colossal amount of sensitive data stolen" including SSN, credit card numbers, and tax identification numbers); *Tracy v. Elekta, Inc.*, 667 F. Supp. 3d 1276, 1280 (N.D. Ga. 2023) (theft of "protected health information (PHI), and protected genetic information (PGI)…."); *Clayton*, 2025 WL 1643485, at *3 (stolen data also included government identification information, SSN, bank account number, health insurance information, and health information); *Bracy*, 2025 WL 552676, at *3; *Teague v. AGC Am., Inc.*, No. 1:24-CV-00823-VMC, 2025 WL 1527738, at *1 (N.D. Ga.

how a cybercriminal may use stolen driver's license numbers alone to conduct fraud. Plaintiff simply concludes that he and the class "are at an increased risk of fraud and identity theft." Compl. at ¶ 92. Allegations of "increased risk" of identity that are "supported only by reports defining identity theft, outlining the general risks of identity theft, or stating that identity thieves have stolen" a monetary sum in previous years "do nothing to clarify the risks to the plaintiff[] *in this case*" and "are insufficient to confer standing." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021); *see also Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 933 (11th Cir. 2020); *Bland*, 2024 WL 3313348, at *4 (finding plaintiff failed to show how "the PII/PHI included other information that posed equally 'unique risks' of 'unequivocal damage….'").

Additionally, Plaintiff's reliance on *In re USAA Data Security Litigation* and *Baker v. ParkMobile, LLC* is misplaced. While plaintiffs in *In re USAA* alleged only the theft of driver's license numbers, they also alleged the cybercriminals had actually misused the stolen data to fraudulently apply for unemployment benefits and insurance policies. 621 F. Supp. 3d 454, 466 (S.D.N.Y. Aug. 12, 2022). The

---

Jan. 6, 2025) (same); *United States v. Morgan*, No. 2:06-CR-0164, 2010 WL 1714705, at *1 (E.D. Pa. Apr. 27, 2010) (criminal case regarding identity fraud); *Sambou v. State*, 358 Ga. App. 645, 648 (2021) (state court criminal case regarding forgery). The Opposition also relies on *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213 (11th Cir. 2023), but the Eleventh Circuit never addressed Article III standing in that case.

court held the combined allegations "plausibly demonstrate that at least some portion of the at-issue data has already been misused." *Id.* Similarly, the *Parkmobile* plaintiffs alleged "a batch of data was for sale on the Dark Web that included information on 21 million of ParkMobile's users." No. 1:21-cv-2182-SCJ, 2022 WL 3704003, at *2 (N.D. Ga. Aug. 19, 2022).[4] In contrast, Plaintiff's Complaint only speculates that the data might be published in the future because it is the "*modus operandi*" of cybercriminals. Compl. at ¶ 37. Because Plaintiff does not allege any misuse or publication on the dark web, possession of driver's license numbers alone is not sufficient to show an imminent risk of harm.[5]

The Opposition also baldly claims disclosure of Plaintiff's status as a "cryptocurrency owner" demonstrates risk of harm. Opp. at 11. The Opposition relies on an out-of-circuit case that is again distinguishable. In *Baton v. Ledger*, the product at issue was a "Ledger wallet." 740 F. Supp. 3d 847, 866 (N.D. Cal. July 16, 2024). "One would not purchase a Ledger wallet unless they had amassed enough crypto-assets to warrant purchasing a product to protect their security." *Id.*

---

[4] This Court also did not discuss Article III standing in this case.

[5] *See also Antman v. Uber Techs., Inc.*, No. 3:15-CV-01175-LB, 2015 WL 6123054, at *11 (N.D. Cal. Oct. 19, 2015) ("[Plaintiff]'s allegations are not sufficient because his complaint alleges only the theft of names and driver's licenses. Without a hack of information such as social security numbers, account numbers, or credit card numbers, there is no obvious, credible risk of identity theft that risks real, immediate injury.").

at 868. Thus, "the fact that one owns a Ledger wallet indicates that they have significant crypto-assets." *Id.* at 875. Here, Bitcoin Depot's virtual currency kiosks allow **any** user to buy and sell cryptocurrencies. Ownership of crypto assets through Bitcoin Depot is not the same degree of sensitivity as the Ledger in *Baton*. Additionally, the *Baton* plaintiffs alleged their information was posted on the dark web, plaintiffs were receiving many phishing scams/emails and ransom demands to prevent attacks on their home, and several plaintiffs had lost crypto-assets as a result of phishing attempts. *Id.* at 870, 876. The Complaint does not allege any of these facts. *See Green-Cooper*, 73 F.4th at 889 ("That allegation is critical. The fact that hackers took credit card data and corresponding personal information from the Chili's restaurant systems and affirmatively posted that information for sale on Joker Stash is the misuse for standing purposes[.]").

3. The Passage of 18 Months Since Alleged Breach Undercuts Vague Allegations of Potential Harm

Eighteen months have passed since the Incident and Plaintiff is still unable to allege actual harm. Because substantial time has passed since the Incident without any misuse, Plaintiff cannot faithfully allege he faces a substantial or imminent risk of future harm. *See McGowan v. CORE Cashless, LLC*, No. 2:23-CV-524, 2023 WL 8600561, at *10 (W.D. Pa. Oct. 17, 2023) ("[B]ecause more than eighteen (18) months have elapsed without any attempted identity theft or fraud using Plaintiff's personal information, it is unlikely that Plaintiff's personal information was among

the payment card numbers listed for sale on the Dark Web. As such, Plaintiff has failed to plausibly establish the misuse requirement."); *Stern v. Acad. Mortg. Corp.*, No. 2:24-CV-00015-DBB-DAO, 2025 WL 239036, at *5 (D. Utah Jan. 17, 2025) ("Over a year has passed since the alleged Data Breach and Plaintiffs fail to allege that any of their PII has been put onto or found on the dark web.... Therefore, Plaintiffs have failed to demonstrate Article III standing...."). Plaintiff fails to meet his burden of establishing standing.[6]

B. The Opposition Fails to Remedy Plaintiff's Insufficiently Pled Claims

    1. The Negligence Claims Fail

        a. The Complaint Fails to Allege the Incident Was Reasonably Foreseeable

The Opposition contends Bitcoin Depot owed Plaintiff a duty because the Complaint alleges the FTC issued general warnings, Bitcoin Depot is sophisticated, and Bitcoin Depot collected "sensitive personal records and data." Opp. at 14-17. As already explained above, the Complaint does not allege sensitive data such as

---

[6] The Opposition also briefly concludes emotional distress and mitigation costs constitute concrete harm. *See* Opp. at 12-13. Without establishing imminent or actual risk of identity theft of fraud, however, Plaintiff cannot show he suffered an injury in fact. *See Bland,* No. 1:23-CV-132-MLB, 2024 WL 3313348, at *4 ("This argument fails because Plaintiff's mitigation efforts are inextricably tied to his perception of the actual risk of identity theft, which the Court has already concluded is insufficient to establish standing." (quotations omitted)); *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1354 (11th Cir. 2025) ("[A] plaintiff cannot "manufacture standing by incurring costs in anticipation of non-imminent harm." (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 422 (2013)).

SSN or financial account information was disclosed. Additionally, the Complaint includes no allegations that the general FTC notices put Bitcoin Depot on notice of a specific threat. Indeed, it is general knowledge that cybercriminals exist. Likewise, neither the Complaint nor the Opposition mention any incidents in this industry that occurred prior to the Bitcoin Depot data breach (or that the FTC warned of unique risks). And, while the Complaint alleges Bitcoin Depot operates multiple "Bitcoin ATMs" at many locations (Compl. at ¶ 2), this is not the level of detail regarding a company's size and sophistication that other courts have relied upon. *Cf. Ramirez*, 69 F.4th at 1220 ("[M]ore than 10,000 current employees and $1 billion in sales....").

Nor does the Complaint specify how Bitcoin Depot failed to "implement adequate and reasonable measures to protect Plaintiff's and Class Members' PII." Compl. at ¶ 10. Strict liability is inapplicable. The fact that a data breach occurred is not sufficient to conclude unreasonable security policies and systems. *Id.* at ¶ 76; *see Crowe v. Managed Care of N. Am. Inc.*, No. 23-61065-CIV, 2024 WL 6863341, at *6 (S.D. Fla. Aug. 16, 2024) ("Plaintiffs insinuate that since the Data Breach occurred, Defendants' systems must have been deficient. But ..., the existence of a breach, by itself, does not show that systems were inadequate. Plaintiffs' claim that it does is simply conclusory."); *cf. Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1375 (N.D. Ga. 2021) (specifically alleged defendant "fail[ed] to

implement multifactor authentication"); *In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-CV-0514-AT, 2018 WL 2128441, at *2 (N.D. Ga. Mar. 5, 2018) (alleged the defendant was missing certain security features and did not comply with certain data security standards); *Ramirez*, 69 F.4th at 1220 (alleged the defendant maintained "unencrypted PII in an internet-accessible database").[7] The Opposition attempts to justify the Complaint's bare allegations by claiming "Defendant not [sic] disclosed specific information regarding the Data Breach" (Opp. at 15), but discovery "is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that [plaintiff] has filed has any basis in fact." *Phillips v. City of Atlanta*, No. 115CV03616TWTRGV, 2016 WL 5429668, at *9 (N.D. Ga. July 29, 2016) (quotations omitted); *Williams v. Scott*, No. 1:13-CV-3567-TWT, 2014 WL 916556, at *3 (N.D. Ga. Mar. 7, 2014) ("The Plaintiff may not rely on discovery to salvage what is otherwise a deficient complaint.").

> b.     <u>The Complaint Relies on Conclusions and Speculations that Plaintiff's PII May Be on the Dark Web</u>

The Opposition also contends Plaintiff has alleged a cognizable injury, but it relies on the same conclusory and speculative allegations as its standing claims.

---

[7] Plaintiff's reliance on *Collins v. Athens Orthopedic Clinic, P.A.* is also misplaced. The *Collins* court allowed the negligence claim to proceed because "plaintiffs have pleaded a legally cognizable injury," not because the defendant owed a duty. 307 Ga. 555, 564 (2019).

Opp. at 19-20. The Complaint does not allege PII such as SSN, bank account information, or similar highly sensitive information was disclosed. The Complaint also does not allege Plaintiff's PII was misused or exposed (or threatened to be exposed) on the dark web. Plaintiff cannot broadly conclude his information was published on the dark web simply because it is the "*modus operandi* of cybercriminals." Opp. at 19. These speculative allegations fail to adequately allege that Plaintiff incurred a cognizable injury. *See Everhart v. Colonial Pipeline Co.*, No. 1:21-CV-3559-MHC, 2022 U.S. Dist. LEXIS 155295, at *8 (N.D. Ga. July 22, 2022) ("Furthermore, the mere fact that a data breach occurred is not sufficient to show injury."); *Durgan v. U-Haul Int'l Inc.*, No. CV-22-01565-PHX-MTL, 2023 WL 12140653, at *3 (D. Ariz. July 28, 2023) ("[T]he relevant inquiry when analyzing the sensitivity of compromised PII is whether the information taken in the data breach gives hackers the means to commit fraud or identity theft." (quotations omitted)).

<div align="center">

2. The Complaint Fails to Allege a Meeting of the Minds for an Implied Contract

</div>

"[U]nder Georgia law an implied contract is the same as express contract except that an implied contract requires a different mode of proof." *Teague*, 2025 WL 1527738, at *6 (quotations omitted). Thus, "[m]utual assent, or a meeting of the minds, is the first requirement of the law relative to contracts." *Id.* (quotations omitted). The Opposition admits the Complaint does not allege Plaintiff read

Bitcoin Depot's Privacy Policy. Opp. at 22 ("[J]ust as here, plaintiffs in *Purvis* did not allege that they read defendant's privacy policy...."). And, the Opposition fails to address the fact that the Complaint does not allege the Privacy Policy was made available to Plaintiff or even that Plaintiff was aware of the policy.[8] Clearly, Plaintiff's interactions with Bitcoin Depot do not constitute a meeting of the minds. Thus, the Complaint fails to plausibly allege an implied contract claim. *See Bracy*, 2025 WL 552676, at *6 ("Without a showing of mutual assent, all of the Plaintiffs fail to state a claim for breach of implied contract....").

Even if an unread Privacy Policy constitutes an implied contract (it does not), Plaintiff would be bound by Bitcoin Depot's disclaimer that "computer hackers may circumvent [Bitcoin Depot's] security measures and 'may gain access to certain portions of [Plaintiff's] personal information.'" *See* Compl. at ¶ 27.

3.   The Complaint Fails to Allege a Benefit Conferred for Unjust Enrichment

The Opposition again claims Plaintiff's payment for financial services constitutes a benefit (Opp. at 23), ignoring caselaw in this Court. *See Bracy*, 2025

---

[8] The Opposition's attempt to analogize the Complaint to *Purvis* is disingenuous because the plaintiffs there had alleged the privacy policy was made available to them. *See* 563 F. Supp. 3d at 1282. The Opposition also perplexingly cites cases that do not discuss Georgia law on implied contracts. *See* Opp. at 21 (citing *Brooks v. Peoples Bank*, 732 F. Supp. 3d 765 (S.D. Ohio 2024) and *In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374 (E.D. Va. 2020)).

WL 552676, at *7 (dismissing unjust enrichment claim because the allegation that a benefit "*allows Defendant to operate its business and generate revenue*" is too conclusory). Likewise, allegations that Plaintiff and Class Members "entrust[ed] their PII to Defendant" (Compl. at ¶ 209) do not plausibly plead that Bitcoin Depot was unjustly enriched. *See Teague*, 2025 WL 1527738, at *7 ("[Plaintiff's] insistence that he 'would not have entrusted his Private Information to AGC' had he known of the inadequate security measure does not plausibly plead that AGC was unjustly enriched by receiving the Private Information."). Indeed, the Complaint does not plausibly allege Plaintiff's PII conferred any benefit to Bitcoin.

Finally, the Opposition contends "a portion of the payments made by Plaintiff and the Class Members was to be used to provide a reasonable level of data security." Opp. at 23. Although the Complaint alleges Bitcoin Depot "enriched itself by saving the costs it reasonably should have expended on data security measures" (Compl. at ¶ 210), courts have found exactly this type of allegation insufficient. *Bracy*, 2025 WL 552676, at *8 ("[I]t cannot be plausibly maintained that any decision to save money on cybersecurity measures was a benefit conferred (directly or indirectly) by the Plaintiffs to the Defendant."). Plaintiff's reliance on *Resnick v. AvMed, Inc.* is also unjustified. *See* Opp. at 24. The plaintiffs in *Resnick* alleged they paid a premium which defendant used for data management and security. 693 F.3d 1317, 1328 (11th Cir. 2012). Here, the Complaint does not contain any allegations that

Plaintiff paid premiums—only broad conclusions. Thus, the Complaint fails to plausibly allege a claim for unjust enrichment.[9]

4. The Complaint Fails to Plead the Plausible Existence of a Fiduciary Relationship

A fiduciary relationship "may be created by law, contract, or the facts of a particular case." *Douglas v. Bigley*, 278 Ga. App. 117, 120 (2006). Plaintiff's Complaint does not adequately allege a special relationship exists or sufficient **facts** to show that a fiduciary relationship exists. Tellingly, the Opposition does not cite the Complaint to support his factual burden. Although the Opposition cites *Bedsole v. Action Outdoor Advert. JV, LLC*, 325 Ga. App. 194 (2013), to contend a fiduciary relationship is a question for the jury, *Bedsole* is procedurally distinguishable because it required a review of evidence to decide summary judgment. In fact, the

---

[9] If the Court finds that Plaintiff has adequately pled negligence or breach of fiduciary duty but has failed to plausibly allege an implied breach of contract, unjust enrichment still must be dismissed. Plaintiff's negligence and breach of fiduciary duty claims already seek monetary damages. *See* Compl. at ¶¶ 161, 176, 206. Thus, Plaintiff has adequate legal remedies that bar his unjust enrichment claim. *See McGlashan v. Snowden*, 292 Ga. 450, 451 (2013) ("Since [plaintiff] could recover money damages from the builders in this action, it would be inappropriate for the trial court to grant him equitable relief."). "It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Brown v. Progressive Mountain Ins. Co.*, No. 3:21-CV-175-TCB, 2022 WL 18777475, at *8 (N.D. Ga. Aug. 15, 2022); *see also Stewart v. Walton*, 254 Ga. 81, 81 (1985) ("Equity will grant relief only where there is no available adequate and complete remedy at law.").

Supreme Court of Georgia has held the existence of a legal duty is often "a question of law for the court." *Maynard v. Snapchat, Inc.*, 313 Ga. 533, 535–36 (2022) (quotations omitted).

5. <u>The Complaint Fails to Allege a Plausible Basis for Injunctive Relief under Georgia UDTPA</u>

The Opposition contends Plaintiff sufficiently alleged a claim for injunctive relief under the Georgia UDTPA because the Complaint alleges Bitcoin Depot's "data systems have not been adequately improved by all available measures." Opp. at 25. However, like standing, the Complaint merely concludes that "future cyber-attacks targeting the same data are foreseeable" without any further allegations beyond speculations. Compl. at ¶ 237. In fact, eighteen months have passed, and there have been no further incidents or misuse of Plaintiff's information. Speculations and conclusions, without more, cannot form the basis of Plaintiff's claims. *See Glover v. Lockheed Martin Aero*, No. 1:19-CV-0198, 2019 U.S. Dist. LEXIS 249536, *4 (N.D. Ga. Sept. 17, 2019) ("'[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" (quoting *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

## III.   CONCLUSION

Based on the foregoing, Defendant Bitcoin Depot respectfully requests the Court enter an order dismissing Plaintiff's Complaint in its entirety.

Dated this 19th day of January 2026.

<div style="margin-left:40%">

/s/ Ronald I. Raether, Jr.
Ronald I. Raether, Jr.
*(admitted pro hac vice)*
Troutman Pepper Locke LLP
100 Spectrum Center Drive
Suite 1500
Irvine, CA 92618
Tel: (949) 622-2722
Ron.Raether@troutman.com

Charles E. Peeler
Georgia Bar No. 570399
Cindy D. Hanson
Georgia Bar No. 323920
Troutman Pepper Locke LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3800
Fax: (404) 885-3900
Charles.Peeler@troutman.com
Cindy.Hanson@troutman.com
*Counsel for Defendant Bitcoin Depot Operating, LLC d/b/a Bitcoin Depot*

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify on the 19th day of January 2026, that the foregoing has been prepared in Time New Roman, 14-point font, and otherwise complies with the requirements of Local Rule 5.1.

<div style="text-align: right;">

*/s/ Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.

</div>