**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| QUINCEY HALL,<br><br>    Plaintiff,<br><br>        v.<br><br>BITCOIN DEPOT, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:25-cv-04317-WMR |

## <u>ORDER</u>

To establish Article III standing in a class-action lawsuit, at least one plaintiff must allege facts showing an injury in fact that is concrete, particularized, and either actual or imminent. A plaintiff whose personal information is compromised in a data breach may satisfy this requirement by alleging that he or the proposed class members have experienced a "misuse" of their data. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021). Quincey Hall's class-action complaint doesn't plausibly allege any misuse of his or the proposed class members' personal data, nor does it identify any other injury in fact that would establish standing. Therefore, Bitcoin Depot, Inc.'s motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

1

## I. BACKGROUND

### A.

Bitcoin Depot operates cryptocurrency ATMs around the world. Compl. ¶ 2. These machines are self-service kiosks that enable users to exchange cash for Bitcoin. They look similar to traditional ATMs and typically include a touchscreen, keypad, cash deposit slot, and a camera that scans QR codes connected to a user's Bitcoin wallet. *Id.* ¶ 22. On June 23, 2024, Bitcoin Depot "detected suspicious activity on its network," which it later confirmed to have been a data breach. *Id.* ¶ 6. During the incident, an unauthorized third party infiltrated Bitcoin Depot's network and obtained access to the names, phone numbers, and driver's license numbers of approximately 26,000 individuals. *Id.* ¶ 7; *see* Mot. to Dismiss Ex. A (stating that the data breach may have also included addresses, birthdates, and email addresses). On July 9, 2025, over a year after the date of the incident, Bitcoin Depot began issuing "Notice[s] of Data Breach" that informed affected individuals of what had happened. Compl. ¶ 6, 9; Mot. to Dismiss Ex. A.

### B.

Quincey Hall filed this lawsuit against Bitcoin Depot, Inc. on his own behalf and as a proposed representative of a class of individuals "impacted by [Bitcoin Depot's] failure to safeguard, monitor, maintain and protect" their personal information prior to the data breach. Compl. ¶ 1. Hall alleges that, by taking

possession of his and the proposed class members' personal data, Bitcoin Depot assumed a duty to safeguard it from third parties. *See id.* ¶ 5. According to Hall, Bitcoin Depot breached this duty by failing "to properly safeguard and protect" the personal data. *Id.* As a result, Hall and the proposed class members allege that "cyber criminals obtained and now possess" their data, and they are "at [a] significant risk of identity theft and various other forms of personal, social, and financial harm." *Id.* ¶ 12-13.

The class-action complaint alleges common law tort and contract claims, as well as violations of the Georgia Uniform Deceptive Trade Practice Act and damages pursuant to OCGA § 13-9-11. *Id.* ¶ 144-255. Hall and the proposed class members seek both damages and injunctive relief. *Id.* at 63-64. Bitcoin Depot now moves to dismiss the complaint for lack of standing.[1] *See* Fed. R. Civ. P. 12(b)(1). This is the order on the motion to dismiss.

## II. LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "For a lawsuit to constitute a case within the meaning of Article III, the plaintiff must have standing to sue." *Diamond Alternative Energy, LLC v. Envtl. Prot. Agency*, 606 U.S. 100, 110 (2025)

---

[1] Bitcoin Depot also moved to dismiss the complaint for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the Court concludes that Hall lacks standing, the Court doesn't reach these arguments.

(internal quotation marks omitted). A defendant may raise a standing objection at the pleading stage by moving to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Bitcoin Depot's motion to dismiss is a facial attack, as a opposed to a factual attack, on subject matter jurisdiction so "the allegations in [Hall's] complaint are taken as true for the purposes of the motion." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (internal quotation marks omitted).

## III. DISCUSSION

Bitcoin Depot argues that Hall has failed to allege facts sufficient to establish Article III standing. Mot. to Dismiss at 8-12. For the reasons below, the Court agrees.

### A.

"Standing doctrine limits the 'judicial power' to cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 343 (Thomas, J., concurring) (internal quotation marks omitted). "Standing is built on a single basic idea—the idea of separation of powers." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (internal quotation marks omitted). "Importantly, separation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the document that they drafted in Philadelphia in the summer of 1787." *Id.* (internal quotation marks omitted). "By limiting who can sue, the standing requirement

implements the Framers' concept of the proper—and properly limited—role of the courts in a democratic society." *Id.* at 380 (internal quotation marks omitted).

At this stage in the litigation, only the named plaintiff, Hall in this case, need have standing. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1261 (11th Cir. 2021) ("[O]nly one named plaintiff must have standing as to any particular claim in order for it to advance."). To demonstrate standing to sue, the named plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lowman v. Fed. Aviation Admin.*, 83 F.4th 1345, 1355 (11th Cir. 2023).

The named plaintiff "must demonstrate standing for each claim and for each form of relief that is sought." *Zen Grp., Inc. v. Agency for Health Care Admin.*, 80 F.4th 1319, 1333 (11th Cir. 2023) (alterations adopted). To establish standing to recover damages, "the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021). To warrant injunctive relief, the named plaintiff must separately establish that there is "a substantial risk that, in the near future, they will suffer an injury." *Murthy v. Missouri*, 603 U.S. 43, 49 (2024).

At the motion-to-dismiss stage, the Court evaluates standing "by determining whether the complaint clearly alleges facts demonstrating each element." *Glynn Envtl. Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022) (internal quotation marks omitted).

### B.

Hall asserts Article III standing to seek damages and injunctive relief based on: (1) the "substantial and imminent" risk of identity theft; (2) efforts "to mitigate the risk of identity theft"; and (3) the "emotional distress caused by [the] knowledge of the substantial risk of identity theft." Resp. to Mot. to Dismiss at 8, 11-12; Compl. ¶¶ 13, 11, 120.

Hall can't assert standing to seek damages based solely on the risk of identity theft because "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion*, 594 U.S. at 436. However, Hall can assert standing to seek injunctive relief based on the risk of identity theft, but only if he demonstrates "a substantial risk that, in the near future," he will have his identity stolen. *Murthy*, 603 U.S. at 49.

Hall's alternative theories of standing are "inextricably tied" to his risk-of-identity-theft theory. *Tsao*, 986 F.3d at 1344. If there is no injury in fact based on the substantial risk of future identity theft, Hall "cannot manufacture standing merely by inflicting harm" on himself in the form of wasted effort and time. *Muransky v.*

*Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (en banc) (quoting *Clapper*, 568 U.S. at 416). And, Hall can't establish standing to seek damages or injunctive relief based on the emotional distress generated from "'a hypothetical future harm' [that] is not 'certainly impending.'" *Id.* (quoting *Clapper*, 568 U.S. at 416). *See DiPierro v. Florida Health Scis. Ctr., Inc.*, 737 F. Supp. 3d 1314, 1326 (M.D. Fla. 2024) ("[C]ourts in this circuit have ordinarily recognized [emotional distress] harms as sufficiently concrete in the data breach context only when allegations of emotional distress are coupled with the substantial risk of future harm." (internal quotation marks omitted)). Therefore, if Hall's risk-of-future-identity-theft standing theory fails, his alternative theories do too.

To establish an injury in fact in a data breach case, the Eleventh Circuit "typically require[s]" a plaintiff to allege a "misuse of the data [that the] cybercriminals acquire[d]." *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023). "[M]isuse constitutes both a 'present' injury and a 'substantial risk' of harm in the future." *Id.* (quoting *Tsao*, 986 F.3d at 1343). "Without specific evidence of *some* misuse of class members' data, a named plaintiff's burden to plausibly plead factual allegations sufficient to show that the threatened harm of future identity theft [is] 'certainly impending'—or that there [is] a 'substantial risk' of such harm—will be difficult to meet." *Id.* (quoting *Tsao*, 986 F.3d at 1344).

The Eleventh Circuit's decisions in *Tsao*, *Equifax*, and *Green-Cooper* underscore the importance of pleading evidence of misuse for purposes of the injury in fact requirement.

In *Tsao*, the named plaintiff alleged that his credit card data was compromised in a restaurant data breach and that he faced a substantial risk of future identity theft. *See* 986 F.3d at 1337, 1340. The Eleventh Circuit found that the plaintiff lacked standing because he "offer[ed] only vague, conclusory allegations that members of the class have suffered any actual misuse of their personal data—[t]here, 'unauthorized charges.'" *Id.* at 1343. Without at least some evidence showing that the threat of future harm was "certainly impending" or "that there was a substantial risk of such harm," there could be no standing. *Id.* at 1344 (internal quotation marks omitted).

By contrast, in *Equifax* the Eleventh Circuit found that the plaintiffs had alleged a risk of identity theft that was sufficient to confer standing. In that case, the plaintiffs alleged that multiple class members had "already had their identities stolen and thus suffered injuries in many different ways." 999 F.3d at 1262. The Eleventh Circuit concluded that this evidence of "actual identity theft already suffered by some [p]laintiffs … demonstre[d] the risk of identity theft" to all the class members, particularly "[g]iven the colossal amount of sensitive data stolen, including Social

Security numbers, names, and dates of birth, and the unequivocal damage that can be done with this type of data." *Id.*

Lastly, in *Green-Cooper*, the plaintiffs alleged not only that "hackers … stole [their] [credit] card data and personally identifiable information," but that the hackers "took that data and posted it on Joker Stash, an online marketplace for stolen payment data." 73 F.4th at 886. The Eleventh Circuit found this allegation to be "critical" because it established "the misuse for standing purposes that [the court had] said was missing in *Tsao*." *Id.* at 889–90. The Eleventh Circuit explained that the plaintiffs' allegation of a specific misuse—"that hackers took credit card data and corresponding personal information … and affirmatively posted that information for sale on Joker Stash"—demonstrated "both a present injury—credit card data and personal information floating around on the dark web—and a substantial risk of future injury—future misuse of personal information associated with the hacked credit card." *Id.* at 889–90. Unlike in *Tsao*, this allegation established an injury in fact.

In light of these precedents, the Court concludes that Hall has not pleaded an injury in fact based on a substantial risk of future identity theft. In the complaint, Hall vaguely alleges that he is "at [a] significant risk of identity theft and various other forms of personal, social, and financial harm." Compl. ¶ 13. However, Hall fails to allege any misuse of his or the proposed class members' data. He does not

claim, for example, that his personal information was "affirmatively posted" for sale on a specific dark web marketplace. *Green-Cooper*, 73 F.4th at 889. Nor does he allege that some of the proposed plaintiffs have "suffered injuries resulting from actual identity theft [that] support the sufficiency of all [Hall's] allegations that [he and other proposed class members] face a risk of identity theft." *Equifax*, 999 F.3d at 1263 (emphasis omitted). Instead, Hall alleges only "[u]pon information and belief" that the data "was subsequently published on the dark web following the [d]ata [b]reach, as that is the *modus operandi* of cybercriminals that commit cyberattacks of this type." Compl. ¶ 37; *see id.* ¶ 49, 51 (similar). Without evidence of any specific misuse, or other evidence showing either "a present injury" or "a substantial risk of future injury," these sorts of speculative allegations are not enough to create an injury in fact. *Green-Cooper*, 73 F.4th at 890. For these reasons, Hall cannot establish standing based on a substantial risk of future identity theft. As a result, his theories of standing based on mitigation efforts and emotional distress fail as well.

## IV. CONCLUSION

Bitcoin Depot's motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**. (Doc. 18). The complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED**, this 23rd day of April, 2026.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE